UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LORENZO ADAMSON,**<br>Plaintiff,<br>v.<br>**CITY & COUNTY SAN FRANCISCO, ET AL.,**<br>Defendants. | Case No. 16-cv-04370-YGR<br><br>**ORDER DENYING IN PART AND GRANTING IN PART MOTION TO DISMISS FIRST AMENDED COMPLAINT AND DENYING MOTION TO STRIKE**<br><br>Re: Dkt. No. 26 |

Plaintiff Lorenzo Adamson brings this civil rights action against defendants City and County of San Francisco ("CCSF") and Gregory Suhr alleging a single claim under 42 U.S.C. section 1983for violation of his Constitutional rights to equal protection, due process, and to be free from selective or malicious prosecution and pre-trial punishment. (*See* Dkt. No. 23, First Amended Complaint ["FAC"] ¶¶ 45.)

Defendants have filed a Motion to Dismiss the FAC and to Strike certain allegations. The motion to dismiss is based upon claim preclusion and failure to state a claim. The motion to strike pursuant to Federal Rule of Civil Procedure 12(f) is based on the contention that certain allegations related to Suhr are "redundant, immaterial, impertinent or scandalous matter."

Having carefully considered the papers submitted and the pleadings in this action, the matters judicially noticeable,[1] and for the reasons set forth below, the Court **GRANTS IN PART AND**

---

[1] Defendants seek judicial notice of five documents—a document purporting to be "a San Francisco Police Commission Resolution dated June 7, 2016" (Exhibit A), and four documents from *Adamson I*: a copy of the complaint; an order issued on summary judgment; the jury verdict; and a stipulated dismissal. The request is **DENIED** as to Exhibit A, and **GRANTED** as to all other documents. As to all of documents granted judicial notice, the Court considers the fact of the document itself, but does not take judicial notice of any facts stated therein. *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001).

**DENIES IN PART** the Motion to Dismiss **WITH LEAVE TO AMEND**. The motion to strike certain allegations is **DENIED**.

**I.   BACKGROUND**

Adamson alleges that he is black man, a peace officer, and a long-time employee of the San Francisco Police Department ("SFPD"). He was hired by SFPD as a peace officer on June 1, 1998. On May 30, 2013, Adamson was subjected to a traffic stop by three SFPD officers. Adamson was off-duty and on a disability leave. He was operating his personal vehicle without license plates attached. Though Adamson repeatedly identified himself as a peace officer, he was tackled, dragged to the ground, and arrested. On June 4, 2013, Adamson and his then-attorney held a press conference criticizing the police conduct in connection with the May 30 arrest, and decried the incident as racial-profiling and part of a larger problem within SFPD. Sometime thereafter, SFPD initiated an investigation and placed Adamson on suspension.

On November 12, 2013, Adamson filed a civil suit (*Adamson I*) against CCSF, Suhr, and the individual officers involved in the arrest alleging excessive force, violation of equal protection, and violation of due process. (RJN Exh. B.) That action progressed through discovery and motion practice.

On April 14, 2014, during the pendency of *Adamson I*, a criminal complaint was filed against Adamson at the behest of SFPD and Suhr, charging him with resisting arrest, both as a felony and misdemeanor, and with various Vehicle Code infractions.

On June 19, 2014, summary judgment was granted in favor of two defendants, SFPD and Suhr, on the single *Monell* claim against them in *Adamson I*.

Thereafter, the criminal trial ended in acquittals on certain counts and dismissal of the remaining counts in August 2014.

Meanwhile, the *Adamson I* civil case proceeded to trial as to the other defendants, ending in jury verdicts in favor of two of the officer defendants, and a hung jury as to the other, on November 15, 2015. On March 10, 2016, the parties entered into a stipulated dismissal of *Adamson I*.

Plaintiff alleges that, thereafter, on June 1, 2016, the San Francisco Police Commission determined that he could return to work in his previous capacity and would be awarded backpay.

2

Adamson filed the instant action, *Adamson II*, on August 3, 2016, alleging that Suhr's efforts to terminate him were based on his race and meant to retaliate against him for the public humiliation of the press conference in connection with his civil lawsuit. Adamson alleges that Suhr admitted, on or about October 9, 2014, that the filing of *Adamson I* led to additional charges and allegations against Adamson in SFPD's efforts to terminate him.

## II. APPLICABLE STANDARD

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)); *see also* Fed. R. Civ. P. 12(b)(6). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice. *Iqbal*, 556 U.S. at 679. The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Further, "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id*.

## III. DISCUSSION

### A. Res Judicata/Claim Preclusion Based On Prior Litigation

Defendants argue that res judicata[2] bars the claims alleged here. "The preclusive effect of a federal-court judgment is determined by federal common law." *Taylor v. Sturgell*, 553 U.S. 880,

---

[2] "The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'" *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). "Under the doctrine of claim preclusion, a final judgment forecloses 'successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.' . . . [while] issue preclusion... bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment.'" *Id.* (internal citations omitted).

3

891-92 (2008). Under the doctrine of claim preclusion, a final judgment forecloses "successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *New Hampshire v. Maine,* 532 U.S. 742, 748 (2001). A related but distinct doctrine is issue preclusion, which bars "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment," even if the issue recurs in the context of a different claim. *Id.* at 748–749. By "preclud[ing] parties from contesting matters that they have had a full and fair opportunity to litigate," these two doctrines protect against "the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana v. United States,* 440 U.S. 147, 153–154 (1979).

A court must apply federal claim preclusion principles to determine the effect of claims dismissed by a federal court, and California's claim preclusion principles to determine the effect of claims dismissed by a California state court. *Gonzales v. California Dep't of Corr.,* 739 F.3d 1226, 1232 (9th Cir. 2014). The two approaches are conceptually distinct: federal courts use a "transactional" theory of claim preclusion, while "California courts employ the 'primary rights' 'theory to determine what constitutes the same cause of action for claim preclusion purposes." *Id.* (internal quotation marks omitted). Defendants' motion ignores this distinction and grounds their arguments exclusively in California's law of claim preclusion, notwithstanding their reliance on determinations made in prior federal proceedings.[3]

Under federal principles, in order to establish claim preclusive effect, the party asserting the doctrine must show: (1) identity of claims, (2) a final judgment on the merits of the earlier claims, and (3) identity or privity between the parties to the earlier and later proceedings. *Tahoe–Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency,* 322 F.3d 1064, 1077 (9th Cir. 2003). (internal quotation marks and footnote omitted). Claims are identical when they derive from the same transactional nucleus of facts, notwithstanding any "different legal labels" attached to the

---

[3] Defendant's reliance on *Furnace v. Giurbino*, 838 F.3d 1019, 1024 (9th Cir. 2016) is misplaced. That case concerned the preclusive effect of a decision under California law and California claim preclusion rules.

4

claims. *Id.* at 1077–78.[4] Under federal principles, a final judgment bars later re-litigation of claims that "could have been brought" in the action, regardless of whether they "were actually pursued." *U.S. ex rel. Barajas v. Northrop Corp.,* 147 F.3d 905, 909 (9th Cir. 1998) (citing *C.D. Anderson & Co. v. Lemos,* 832 F.2d 1097, 1100 (9th Cir. 1987)); *accord Palomar Mobilehome Park Ass'n v. City of San Marcos,* 989 F.2d 362, 365 (9th Cir. 1993). However, the preclusive effect as to claims which "could have been brought" does not extend to preclude claims based upon "new rights acquired pending the [original] action which might have been, but which were not, required to be litigated." *Los Angeles Branch NAACP v. Los Angeles Unified Sch. Dist.,* 750 F.2d 731, 739 (9th Cir. 1984).

Here, *Adamson I* alleged a single claim against the defendants here, City and County of San Francisco and former Chief of Police Greg Suhr, for Section 1983 *Monell* liability based upon their alleged ratification of their officers' conduct, *i.e.,* alleged excessive force and unlawful detention at a traffic stop. The City and Suhr were granted summary judgment in their favor based upon Adamson's failure to offer evidence to show knowledge or ratification of the officers' conduct, and they were dismissed from the action. (RJN Exh. C.) The parties here do not contest, and the Court finds no reason to doubt, that the grant of summary judgment constituted a final judgment on the merits of the claim with respect to the CCSF and Suhr. The Court next considers whether an identity of claims as between the two actions exists.

Identity of claims for purposes of federal claim preclusion turns on: "(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts," with the last criterion being the most important.

---

[4] This stands in contrast to the California test, under which "[a] claim is the 'same claim' if it is derived from the same 'primary right,' which is 'the right to be free from a particular injury, regardless of the legal theory on which liability for the injury is based.'" *MHC Fin. Ltd. P'ship v. City of San Rafael,* 714 F.3d 1118, 1125–26 (9th Cir. 2013) cert. denied, 134 S.Ct. 900 (U.S. 2014) (quoting *Adam Bros. Farming v. Cty. of Santa Barbara*, 604 F.3d 1142, 1149 (9th Cir. 2010)).

5

*Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 690 (9th Cir. 2005) (quoting *Costantini v. Trans World Airlines,* 681 F.2d 1199, 1201–02 (9th Cir. 1982)). In the present action, Adamson alleges claims for malicious or selective prosecution, retaliation based upon protected activity, and discrimination. The central focus of the allegations of wrongdoing by the CCSF and Surh concern the manner in which they pursued disciplinary action against Adamson after the traffic stop, rather than the facts of the traffic stop itself which were the core of *Adamson I*. Further, Adamson's argument that there can be no preclusive effect as to matters that occurred after the filing of his complaint in *Adamson I* is well taken. *See Los Angeles Branch NAACP,* 750 F.2d at 739 (no preclusion of claims arising out of occurrences after the original action was filed, even if they might have been litigated by way of supplemental pleadings). Thus, the complaint here, on its face, does not arise from the same transactional nucleus of facts at issue in *Adamson I*.

### B. Effect of Stipulated Agreement

Defendants further move to dismiss all claims based on their contention that the conclusion of the alleged disciplinary action against Adamson bars the action due to claim preclusion, waiver, and unclean hands. Defendants request that the Court take judicial notice of "a San Francisco Police Commission Resolution dated June 7, 2016" which they contend is subject to judicial notice because "plaintiff refers to it by inference in his complaint." (RJN at ¶ 1.)[5] Plaintiff argues that the Court should not take judicial notice of the Resolution because it is hearsay, unsigned, unauthenticated, and inadmissible.

The document appears on its face to be a letter from the San Francisco Police Commission dated June 7, 2016, addressed to Chief Toney D. Chaplin indicating that a meeting of the Police Commission was held on June 1, 2016, and providing minutes of a Resolution approved by the Commission. (RJN Exh A.) It details, in several pages, various allegations, disputes, "admissions," and agreements reached concerning certain facts and the resolution of the disciplinary proceedings. (*Id.* at 1-10.) It then states that the Commission took the matter under

---

[5] The FAC alleges that the SF Police Commission did not determine until June 1, 2016, that Adamson could return to work in his previous capacity and be awarded back pay. (FAC ¶ 36.)

6

submission and adopted a resolution, which repeats, in detail, the allegations, lists specifications (similar to conclusions of law), describes the parties' positions on settlement of various charges, and a settlement proposal that includes certain admissions from Adamson. (*Id.* at 10-44.) It is not signed by Adamson, nor is an authenticating submitted.

The Court cannot take judicial notice of the truth of any allegations, admissions, or statements therein in connection with a motion to dismiss. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (in connection with a motion to dismiss, a court may consider only documents referenced in the complaint, "central" to the claims, and as to which no party questions the authenticity of the copies provided); *Lee*, 250 F.3d at 690 (court may take judicial notice of existence of public record, but not any disputed facts stated within the public record). The facts enumerated in the letter offered at Exhibit A, and the effect of any statements therein, are not matters appropriate for determination on a motion to dismiss the complaint.[6] Consequently, the motion to dismiss based on defendants' argument that Adamson's claims have been precluded, waived, or are otherwise barred by the resolution of the disciplinary proceedings against him, as stated in Exhibit A, is **DENIED**.

### C. Sufficiency of Allegations to State a Claim

Adamson alleges that defendants' conduct violated "his Rights to Equal Protection, Substantive and Procedural Due Process, to Petition and to Engage in Protected Activity, and to be free from Malicious Prosecution . . . . under the First, Fourth, and/or Fourteenth Amendments to the United States Constitution." (FAC ¶ 46.) He alleges that the violations "included but were not limited to the following:

  A. The right to be free from false police work, and selective criminal and administrative prosecution;
  B. Right not to be deprived of Due Process of law;

---

[6] If, as defendants represent, the underlying disciplinary proceedings against Adamson were resolved by way of a settlement agreement which included a waiver of Adamson's ability to challenge the terms of that agreement, Adamson's citation to authorities concerning the preclusive effect of an administrative agency decision would be unavailing. Nevertheless, the Court finds the issue of the existence and effect of any settlement agreement on the instant claims is not appropriate for adjudication in this 12(b)(6) motion.

7

C. Right to be free from pre-trial punishment;
D. Right to be free from discrimination based on race or protected activity; and/or,
E. Right to Equal Protection of the Law.

(FAC ¶ 45.) Adamson incorporates all of his factual allegations into a single cause of action without specifying which conduct is alleged to have given rise to which violation.

Defendants move to dismiss Adamson's claims on the grounds that he has not alleged facts regarding a lack of probable cause to support a claim of malicious prosecution, and that he has not alleged facts to show discriminatory intent or effect in support of a selective (discriminatory) prosecution claim. Adamson disagrees. (Oppo. at 7.)

Adamson correctly indicates that non-prosecutors can be liable under a Fourth Amendment analysis for malicious prosecution where it is alleged that the independence of the prosecutor's judgment has been compromised, such as by providing false information or engaging in other wrongful or bad faith conduct instrumental in causing initiation of legal proceedings. *Beck v. City of Upland*, 527 F.3d 853, 865 (9th Cir. 2008).[7] In general, the malicious prosecution plaintiff must show the absence of probable cause for the prosecution. *Id.* Similarly, under a First Amendment analysis, if a non-prosecuting official urges a prosecution based upon a retaliatory motive, in the absence of probable cause supporting the prosecutor's decision, this will also state a claim for malicious prosecution. *Hartman v. Moore*, 547 U.S. 250, 262-63 (2006).[8] To the extent that the theory is selective prosecution in violation of equal protection, such a claim must allege that there was a prosecutorial policy with a discriminatory effect, motivated by a discriminatory

---

[7] A malicious prosecution claim under Section 1983 is based on state law elements. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561–62 (9th Cir. 1987). In California, the malicious prosecution plaintiff must plead and prove that the prior proceeding commenced by, or at the direction of, the malicious prosecution defendant was: (1) pursued to a legal termination favorable to the plaintiff; (2) brought without probable cause; and (3) initiated with malice. *Conrad v. United States*, 447 F.3d 760, 767 (9th Cir. 2006).

[8] Adamson also indicates that he asserts claims for "discrimination and retaliation," and a right to be "free from pre-trial punishment." It is not clear, either from the FAC or the opposition brief, whether these claims are intended to be distinct claims from his malicious prosecution theory. To the extent that Adamson is attempting to allege a different theory of liability for discrimination or retaliation against either defendant, he must allege the elements of that theory and tie the factual allegations to those elements.

8

purpose, and that similarly situated individuals were not prosecuted. *United States v. Armstrong*, 517 U.S. 456, 464–65 (1996).

Here, Adamson has alleged a single claim under section 1983 which references multiple Constitutional violations, but does not allege the elements of any particular violation. The statement of the cause of action simply incorporates pages of alleged facts and then recites a laundry list of violations. Alleging a host of detailed factual allegations, but failing to tie those allegations to any particular Constitutional theory or analysis, does not suffice to state a claim.

The Court finds that Adamson has not alleged the elements of his claim(s), or identified his theories of liability, sufficiently in the single cause of action. The motion to dismiss is therefore **GRANTED WITH LEAVE TO AMEND** to so allege, separating out each distinct Constitutional claim. In amending his complaint, Adamson is further directed to identify facts to support each theory of liability he asserts, as to each defendant.

### D. Motion to Strike Allegations Against Suhr

Defendants seek to strike allegations against Suhr to the effect that he did not pursue discipline against others engaged in racist behavior and thus treated Adamson disparately from other officers. They also seek to strike allegations which Adamson asserts are meant to establish Suhr's alleged mutually supportive relationship with the Police Officers' Association, which resulted in covering up racist behavior by officers and fostering an environment of racist and retaliatory behavior.

Because the Court finds that the claim or claims for relief are not stated sufficiently, the Court cannot determine that the allegations at targeted by defendants are immaterial and impertinent to the matters at issue here. The motion to strike is therefore **DENIED**. However, Adamson is directed to ensure that the allegations of the complaint, including these targeted allegations, are tied to the claims asserted.

### IV. CONCLUSION

Accordingly, the Court **ORDERS** as follows:

A. The motion to dismiss the FAC is **DENIED** as to the claim and issue preclusion arguments based on the prior litigation or the alleged resolution of disciplinary proceedings

9

against Adamson.

B. The motion to dismiss is **GRANTED WITH LEAVE TO AMEND** based upon Adamson's failure to allege sufficiently his claims for violation of his Constitutional rights under Section 1983. In amending his complaint, Plaintiff shall file a simple, concise, and direct statement of each Constitutional violation he alleges, setting forth: (1) the nature of the Constitutional deprivation(s), each in a separately numbered claim or paragraph; (2) the specific action(s) each defendant took or failed to take which plaintiff alleges caused the deprivation of the Constitutional right; and (3) the injury resulting from each deprivation.

C. The motion to strike certain allegations is **DENIED**.

Plaintiff shall file his second amended complaint within 21 days of this Order. Defendant shall respond within 21 days thereafter.

This terminates Docket No. 26.

**IT IS SO ORDERED.**

Dated: July 7, 2017

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**